**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| DATACELL EHF., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:14-cv-1658 (GBL-TCB) |
| | ) | |
| VISA INC., VISA EUROPE LTD., and | ) | |
| MASTERCARD INCORPORATED, | ) | |
| | ) | |
| Defendants | ) | |

## JOINT DISCOVERY PLAN

Plaintiff DataCell efh ("DataCell"), and defendants, Visa Inc. and MasterCard Incorporated ("MasterCard") (collectively, the "parties"), by counsel, submit this Joint Discovery Plan conforming to the Court's May 8, 2015 Pretrial Order (Dkt. 29):

## I.    PROTECTIVE ORDER

The parties shall submit a stipulated protective order to the Court on or before **Friday, June 5, 2015,** or, should they fail to agree by that date, they shall file any motions for entry of a protective order, on or before **Wednesday, June 10, 2015.**  A hearing shall be set on such motion for **Friday, June 19, 2015.**

## II.    INITIAL DISCLOSURES

The parties shall serve their Rule 26(a)(1) disclosures on or before **Friday, June 26, 2015.**

## III.    PRETRIAL DEADLINES

In accordance with this Court's Pretrial Order, the following trial and pretrial dates are agreed upon:

**A.     Pretrial Conference:**  The parties shall appear for a Pretrial Conference on **Wednesday, June 3, 2015, at 11:00 a.m.**

**B.     Discovery Cutoff:**  All discovery shall be completed on or before Friday, **September 11, 2015.**

**C.     Dispositive Motions/Daubert Motions:**  All dispositive motions or motions that seek to exclude the testimony of any expert based on the sufficiency or reliability of the expert's testimony shall be filed on or before **September 17, 2015**.  The deadline for filing an opposition brief to any motion for summary judgment shall be **fourteen (14) days** after the filing of any such motion.  The deadline for filing a reply brief shall be **seven (7) days** after the filing of any such opposition brief.

**D.     Service:** The parties consent to service by email.  With regard to the computation of time after service in accordance with Rule 5(d): (a) service by e-mail or the court's electronic filing system before 5:30 p.m. Eastern Time shall be the equivalent of service by hand that day pursuant to Rule 5(b)(2)(A); (b) service by e-mail or the court's electronic filing system after 5:30 p.m. Eastern Time shall be the equivalent of service by hand the following business day pursuant to Rule 5(b)(2)(A); and service by commercial courier shall be deemed the equivalent of service by hand on the day of receipt pursuant to Rule 5(b)(2)(A).

**E.     Joinder/Amendment of Pleadings: Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties, and to amend or supplement the pleadings, must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion but not later than **July 1, 2015**.

**IV.    DISCOVERY ISSUES:**

    **A.    Interrogatories:** The parties stipulate and agree that each party may propound up to thirty (30) interrogatories, including parts and subparts.  The parties reserve the right to move the court for the right to propound additional interrogatories.

    **B.    Requests for Admission:**  A maximum of 50 requests for admission are permitted for each party, except that there shall be no limit on requests for admission used solely to establish the authenticity of a document.

    **C.    Written Discovery:**  Discovery served pursuant to Rules 33, 34 or 36 shall also be served in an editable format readable in Microsoft Word.

    **D.    Depositions:**

        1.    **Timeframe:** Non-expert depositions shall be conducted between **July 15 and September 11, 2015.**

        2.    **Number of Depositions:** The parties stipulate and agree that each party may take up to a total of eight (8) depositions (party and non-party) exclusive of expert depositions.  The parties further agree that up to eight (8) hours of Rule 30(b)(6) depositions of each party may be taken without leave of court and such depositions shall count as a single deposition.  The parties reserve the right to move the court for the right to take additional depositions.

        3.    **<u>Location of Depositions</u>.**  The parties will confer in good faith regarding the date, time and location of depositions subject to the Local Rules of Practice.

    **E.    Disclosure of Expert Testimony:**

        1.    **Expert Reports:** The plaintiff shall provide its initial Rule 26(a)(2)(b) disclosures on or before **August 1, 2015**, and the defendants shall provide their initial Rule 26(a)(2)(b) disclosures on or before **September 1, 2015.**

2.      **Expert Depositions.**  Depositions of experts shall be completed on or before **September 11, 2015**, with the understanding that defendants shall depose plaintiff's expert(s) before defendants' Rule 26(a)(2)(B) reports are due.

F.      **Electronically Stored Information**

1.      **Proportionality:**  The parties will use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

2.      **Preservation of Discoverable Information:**  The parties have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data, provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

(a)      Deleted, slack, fragmented, or other data only accessible by forensics;

(b)      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

(c)      On-line access data such as temporary internet files, history, cache, cookies, and the like;

(d)    Data in metadata fields that are frequently updated automatically, such as last-opened dates;

(e)    Back-up data that are substantially duplicative of data that are more accessible elsewhere;

(f)    Voice messages;

(g)    Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

(h)    Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail or message is routinely saved elsewhere;

(i)    Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

(j)    Logs of calls made from mobile devices, unless such logs are otherwise kept in the ordinary course of business;

(k)    Server, system or network logs, unless such logs are otherwise kept in the ordinary course of business;

(l)    Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report;

(m)    Data remaining from systems no longer in use that is unintelligible on the systems in use;

(n)    Back-up tapes or other long-term storage media of any kind; or

(o)       Any ESI created or stored in connection with any social media platform (e.g., Twitter, Facebook, etc.) unless such ESI contains postings by the party that relate specifically to the allegations in the Complaint.

3.       **Sources:**  On or before **June 26, 2015**, each party shall disclose a list of sources from which the disclosing party agrees to search for discoverable information, including up to five (5) custodial sources.  This list shall include a brief description of each custodian's job title and responsibilities.   The parties reserve the right to request the production of documents from other custodial or non-custodial sources that were not otherwise identified and that the requesting party has a good faith belief includes or possesses non-cumulative relevant documents.

4.       **On-site Inspection:**  On-site inspection of electronic media shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

5.       **Search methodology:**  The producing party shall make a reasonable search of materials as required by the Federal Rules of Civil Procedure, including emails and other ESI maintained by the custodians identified above.   If a party elects to use search terms and/or date filters to locate potentially responsive ESI, it shall disclose the search terms and/or date filters on or before **July 3, 2015**.  Absent a showing of good cause, a requesting party may request no more than five (5) additional noncomplex terms (*i.e.*, not search strings, or large numbers of terms joined by AND/OR connectors) to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (*e.g.*, product and company names), shall be employed.  Non-requesting parties shall not object to applying the requested terms unless they impose an undue burden that cannot be avoided through the reasonable modification of the terms by the non-requesting parties.

6.      **Format:**  ESI and non-ESI shall be produced to the requesting party as text searchable image files (TIFF) or portable document files (PDF), except when such ESI contains information subject to a claim of privilege.  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.  Except with regard to ESI documents that are redacted for privilege, the parties shall produce their information in the following format:  single page TIFF or PDF images, load files associated with multi-page text files containing extracted text or OCR with Concordance and iPro image (.lfp) load files, and Data Load Files ("DAT files") containing all requisite metadata.

7.      **Production of ESI in Native Format:**  In the event that production of a document in TIFF image file or PDF format would be impracticable, the party producing the document shall have the option of producing such document in Native format.  A party may request that up to fifteen (15) non-privileged documents be produced in Native Format.  Once fifteen (15) non-privileged documents have been produced by a producing party in Native Format, a receiving party must demonstrate a particularized need for the production of any additional ESI in its Native Format.  No party shall be required to produce more than fifteen (15) non-privileged documents in Native Format, absent agreement or court order.  Notwithstanding the foregoing, to the extent a party produces video, animation or audio files, such documents shall be produced in their Native Format.  If either party requests production of ESI in Native Format, the parties shall negotiate in good faith about the timing, cost and method of such production.  No document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection.

8.      **Metadata fields:**  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:   Custodian, Duplicate Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

9.      **Production of Paper Discovery:**  At the discretion of the party producing documents, paper documents ("Paper Discovery") may be produced in electronic form.  Paper Discovery produced in electronic form need not be rendered text searchable via OCR or any other means.  Nor is there any obligation to produce metadata fields associated with such Paper Discovery produced in electronic form.

10.     **Document Unitization:** If a document is more than one page, to the extent possible, the unitization of the document and any attachments or affixed notes shall be maintained as it existed when collected by the party producing such documents.  If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.

11.     **Color:**  Documents containing color need not be produced in color unless the requesting party demonstrates the need for the production of certain documents in color.

12.     **Document Numbering for TIFF/PDF Images:**   Each page of a document produced in TIFF file or PDF format shall have a legible, unique numeric identifier ("Document Number") not less than six (6) digits electronically "burned" onto the image at a place on the document that does not obscure, conceal or interfere with any information originally

appearing on the document.  The Document Number for each document shall be created so as to identify the producing party and the Document Number (*e.g.*, "MC 000000").

13.   **De-duplication:**   To the extent identical copies of documents (*i.e.*, documents with identical hash values) appear in the files of a custodian or across custodians, the party producing such documents shall produce only one such identical copy and also shall produce an overlay file that includes a metadata field entitled "Duplicate Custodian" containing the names of each custodian whose files contain such identical copies.

14.   **Production Media:**   Document images, load files and metadata shall be produced on hard drives, CDs, DVDs or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the party producing the documents, the date of the production of documents and the Document Number ranges of the documents in that production (*e.g.*, "MasterCard Production dated, MC 000123 – MC 000456").  To the extent that the Production Media includes any information designated as confidential under the Local Rules or any Stipulated Protective Order filed with the Court, the label on such Production Media shall indicate that the Production Media includes information so designated.  Production Media shall include text referencing the case name and number.  Further, any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement and cross-reference the Document Number range that it replaces.

15.   **Processing Specifications:**   The producing party shall use the following specifications when converting ESI from its Native Format into TIFF image files prior to its production:

(a)      All tracked changes shall be maintained, to the extent reasonably feasible upon collection, so that all changes to a document are evident.

(b)      OLE Embedded files shall be extracted as separate documents.

(c)      Author comments shall remain or be made visible, to the extent reasonably feasible upon collection.

(d)      Hidden columns and rows shall be made visible, to the extent reasonably feasible upon collection.

(e)      Presenter notes shall be made visible, to the extent reasonably feasible upon collection.

(f)      Auto-populated fields, with the exception of auto-populating "page-number" fields, shall be replaced with text indicating the field name.  For example, auto-populating "date" fields shall be replaced with the text "DATE" and auto-populating "file path" fields shall be replaced with the text "PATH".

16.      **Cost Shifting:** All costs associated with production of documents pursuant to this Order shall be borne by the producing party.  However, the Court will apportion the costs of electronic discovery upon a showing of good cause by the party seeking apportionment.

G.      **Privilege Log.**

1.      Consistent with Rule 26(b)(5)(A), a party withholding or redacting any responsive document on the grounds of any privilege, immunity or similar claim shall provide to the other party a Privilege Log containing the information described in the following subparagraph. No log shall be required for communications between a client and counsel of

record or in-house counsel in preparation of litigation created after the filing of the Complaint in this action.

2.      For each document withheld or redacted, the Privilege Log shall contain the following information:  (i) the date of the document; (ii) the identity of all persons who authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copies; (iv) a description of the contents of the document that, without revealing information that is allegedly privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (v) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, etc.); and (vi) the document numbers (*e.g*., Bates numbers) corresponding to the first and last page of any withheld or redacted document, if the document has been assigned any such document numbers.

3.      For each document withheld under a claim of privilege, the party withholding such document shall identify that document on a Privilege Log served no later than **August 14, 2015**, and, if documents are produced after that date, at the same time as the document production.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Rules 26(b)(3)(A) and (B).

5.      The parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

6.      The parties stipulate and agree that communications between counsel and clients that occur after the filing of the compliant in this matter need not be logged on any privilege log served in this matter.  The parties reserve the right to move the court to obtain such communications or information regarding any such communications by motion and for good cause shown.

**H.      Pre-Trial Disclosures:**

Rule 26(a)(3) disclosures, including a list of exhibits to be used at trial, a list of witnesses to be called at trial and the written stipulation of uncontested facts should be filed on or before **September 17, 2015**.  Any objections to trial exhibits or to designated deposition testimony must be filed within ten (10) days after the conference.  Counter-designations to designated testimony must be filed within seven (7) days of service thereafter.  Objections to counter-designations must be filed within seven (7) days of service thereof.

**I.      Final Pretrial Conference:**

The Final Pretrial Conference will be held on Thursday, **September 17, 2015, at 11:00 a.m.**

**V.      SETTLEMENT CONFERENCE**

The parties have not engaged in meaningful settlement negotiations.  A settlement conference may be requested at any time in the case.  At this time, the parties have chosen not to proceed to such a conference.

**VI.    OTHER MATTERS**

A.      The parties have met and conferred to discuss the length of the trial and the amount of time that will be required to prepare this case for trial. The parties understand that the Court's current schedule contemplates a trial commencing in or around November 2015. The

parties also expect the trial of this matter, as presently framed, may require up to five to seven (5-7) trial-days.

      B.     The parties do not agree to proceed to trial before a magistrate judge.

      C.     A jury trial has been demanded.

      D.     This Joint Discovery Plan may be changed only by order of the Court. Nothing in this Order shall be construed as precluding any Party from seeking a modification to this Order.

      E.     MasterCard and Visa Inc. have each filed motions to dismiss for lack of jurisdiction, failure to state a claim upon which the relief sought may be granted and improper venue (Doc. Nos. 21 and 25).  A hearing on those motions has been scheduled for **Friday, June 19, 2015, at 10:00 a.m.**

**JOINTLY SUBMITTED:**


  */s/ Philip J. Harvey*
Philip J. Harvey
Virginia State Bar No. 37941
Jesse R. Binnall
Virginia State Bar No. 79292
Louise T. Gitcheva
Virginia State Bar No. 86200
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA   22314
Telephone:  703-888-1943
Facsimile:  703-888-1930
pharvey@harveybinnall.com
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com

*Counsel for DataCell ehf*


  */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier

Virginia State Bar No. 77993
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com

Martin S. Hyman (*pro hac vice*)
GOLENBOCK EISEMAN ASSOR BELL & PESKOE, LLP
437 Madison Avenue
New York, NY 10022
Telephone:  (212) 907-7360
Facsimile:   (212) 754-0777

*Counsel for MasterCard Incorporated*


 */s/ Jacob S. Siler*
Jacob S. Siler (Va. Bar No. 80934)
Andrew S. Tulumello (*pro hac vice*)
Robert Gonzalez (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  202-955-8500
Facsimile:   202-467-0539
JSiler@gibsondunn.com
ATulumello@gibsondunn.com
RGonzalez2@gibsondunn.com

*Counsel for Defendant, Visa Inc.*

13954888v5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Philip J. Harvey
Virginia State Bar No. 37941
Jesse R. Binnall
Virginia State Bar No. 79292
Louise T. Gitcheva
Virginia State Bar No. 86200
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA  22314
Telephone:  703-888-1943
Facsimile:  703-888-1930
pharvey@harveybinnall.com
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com

*Counsel for DataCell ehf*

Jacob S. Siler (Va. Bar No. 80934)
Andrew S. Tulumello (*pro hac vice* to be filed)
Robert Gonzalez (*pro hac vice* to be filed)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
tel: 202-955-8500
fax: 202-467-0539
JSiler@gibsondunn.com
ATulumello@gibsondunn.com
RGonzalez2@gibsondunn.com

*Counsel for Defendant Visa Inc.*

_/s/ Stephen E. Noona_

Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com

_Counsel for Defendant MasterCard
Incorporated_