IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| DATACELL EHF., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:14-cv-1658 (GBL-TCB) |
| | ) | |
| VISA INC., VISA EUROPE LTD., and | ) | |
| MASTERCARD INCORPORATED, | ) | |
| | ) | |
| Defendants | ) | |

## <u>PROTECTIVE ORDER</u>

Having determined that certain information to be filed or produced during discovery in this Action is likely to be Confidential Information or Highly Confidential (as those terms are defined below), the unauthorized disclosure of which would be detrimental to the legitimate commercial or privacy interests of the Parties or non-parties filing or producing such Confidential Information or Highly Confidential Information and could cause irreparable injury;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their respective counsel, as follows:

1.    **<u>Definitions</u>.** For purposes of this Confidentiality Stipulation and Protective Order (the "Protective Order"), the following definitions shall apply:

A.    "Action" means *DataCell ehf. v. Visa Inc., Visa Europe Ltd. and MasterCard Incorporated*, C. A. No. 1:14-cv-1658 (GBL-TCB) (E.D. Va.), and any appeals therefrom.

B.  "Confidentiality Legend" means a label placed on material that contains Confidential Information or Highly Confidential Information and clearly designates the information as such, pursuant to the provisions of this Protective Order.  Such Confidentiality Legend and any other mark or version control number (*e.g.*, Bates number) added to documents shall not obscure or deface any information contained within the document.

C.  "Confidential Information" means information that a Party or non-party reasonably believes is not already in the public domain and contains information that the Party or non-party would not normally reveal to third parties without an agreement to maintain it in confidence, including but not limited to trade secrets or other sensitive business, strategic pricing or financial information; internal operating procedures or guidelines; technical specifications, business plans or strategies; and "research, development or commercial information" as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and any applicable case law interpreting that rule.

D.  "Designating Party" means any Party or non-party that designates information that it has produced or provided in this Action.

E.  "Disclosing Party" means any Party or non-party that discloses any documents, testimony, information and/or things in this Action.

F.  "Highly Confidential Information" means information that is highly confidential, sensitive in nature, or relates to confidential internal decision making processes that a Party or non-party reasonably believes the disclosure of which is likely to cause or create a risk of economic harm or competitive disadvantage to the Party or a third-party that will not be mitigated even through the disclosure and use limitations applicable to Confidential Information.

G.     "Independent Expert" means a person who has been retained by a Party or counsel for a Party as an expert witness or consultant to assist in preparing for and conducting this Action.

H.     "Party" or "Parties" means DataCell ehf., Visa Inc. and/or MasterCard Incorporated, and any of their respective parents, subsidiaries or affiliates.

I.     "Receiving Party" means any Party or non-party that receives discoverable information from a Disclosing Party.

J.     "Support Staff" means employees and independent contractors of (1) outside counsel and (2) Independent Experts, including for both categories (1) and (2), paralegals and clerical, administrative, information technology and secretarial personnel. Support Staff does not include individuals who are also employees, officers or directors of the Parties.

2.     **Scope of Order.**  This Protective Order governs the handling of all documents, discovery products (including any form of discovery contemplated by Rules 26-37 and 45 of the Federal Rules of Civil Procedure), deposition testimony, pleadings, exhibits of any kind, presentations, computer readable data-storage media, and other information, including all copies, excerpts and summaries thereof, produced, given or filed during discovery and other proceedings in this Action, including Confidential Information or Highly Confidential Information produced, given or filed prior to the date of this Protective Order, either voluntarily or as required by discovery requests.  For the purposes of this Protective Order, the term "document" carries the broadest possible meaning consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia.

3.      **Persons Subject to This Order.**  The provisions of this Protective Order shall apply to the Parties and any non-party producing or receiving Confidential Information or Highly Confidential Information in this Action.  Any Party, in conducting discovery from non-parties, shall provide any non-party from whom it seeks discovery with a copy of this Protective Order so as to inform such non-party of its rights herein.  If a non-party provides discovery to any Party in connection with this Action, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the non-party shall have the same rights and obligations under this Protective Order as held by the Parties.

4.      **Designation of Confidential Information.**  Any person who produces, gives or files Confidential Information or Highly Confidential Information may designate such information as Confidential Information or Highly Confidential Information.  A person shall only designate as Confidential Information or Highly Confidential Information documents or information that such person believes in good faith meets the criteria for designation set forth in Paragraph 1(C) or 1(F).  Any information so designated shall thereafter be treated pursuant to the appropriate terms of this Protective Order.

A.      Designation of Documents.  Information may be designated as Confidential Information by affixing "Confidential" or "Highly Confidential" on each page.  If any Confidential Information or Highly Confidential Information cannot reasonably be labeled on each page with the appropriate Confidentiality Legend, it shall be placed in a sealed envelope or other container or portable electronic medium, such as a CD or DVD, that is in turn marked with the appropriate Confidentiality Legend, or else that is designated as Confidential

Information or Highly Confidential Information in a manner agreed upon in writing by the Designating Party and Receiving Party.

        B.      <u>Designation of Deposition Testimony</u>.  Deposition testimony may be designated, in whole or in part, as Confidential Information or Highly Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately mark the Confidential Information or Highly Confidential Information portions of the deposition transcript and to affix the words "Confidential" or "Highly Confidential" on each page of such designated portions.

        C.      <u>Inadvertent Failure to Designate</u>.  The failure of a Party or non-party to designate information as Confidential Information or Highly Confidential Information prior to the production of that information, or in the case of a deposition or any portion thereof within thirty (30) calendar days after receipt of the final transcript, shall not preclude that Party or non-party (or any other Party or non-party) from later designating the information as Confidential Information or Highly Confidential Information.  A Party or non-party that wishes to designate or redesignate information after the production of that information shall do so by providing written notice of such designation or redesignation to outside counsel for the Receiving Party. Upon receipt of such a notice of designation or redesignation, outside counsel for the Receiving Party shall take all reasonable steps to ensure that the newly designated or redesignated information, and any analyses, notes, memoranda or other work product that was generated based on such information, is treated in conformity with the designation or redesignation.  In addition, if such information was disclosed to a person not permitted by this Protective Order to receive Confidential Information or Highly Confidential Information, the Receiving Party that disclosed such information must, within seven (7) calendar days of notification of the

designation or redesignation of such Confidential Information or Highly Confidential Information, (i) attempt to retrieve such Confidential Information or Highly Confidential Information; (ii) inform such person of all provisions of this Protective Order; (iii) request that such person sign the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A; and (iv) notify outside counsel for the Designating Party in writing of (a) the identity of the person that possesses or possessed such information, including the name, address, phone number and email address, as applicable, of such person; (b) details sufficient to identify the information provided to such person, including, for example, the Bates range of any such documents; and (c) the steps undertaken to obtain the return of such Confidential Information or Highly Confidential Information and to maintain the confidentiality of such information. A copy of the executed Exhibit A shall be served upon counsel for the Designating Party by the Receiving Party who disclosed the newly designated or redesignated information within seven (7) calendar days of its execution.

D.   Unauthorized Disclosure. Should any Confidential Information or Highly Confidential Information be disclosed by the Receiving Party to any person not authorized to receive such Confidential Information or Highly Confidential Information under this Protective Order, then that Receiving Party must, within no more than two (2) business days of the discovery of such disclosure, (i) attempt to retrieve such Confidential Information or Highly Confidential Information; (ii) inform such person of all provisions of this Protective Order; (iii) request that such person sign the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A; and (iv) notify outside counsel for the Designating Party in writing of (a) the identity of the person that possesses or possessed such information, including the name, address, phone number and email address, as applicable, of such person; (b) details sufficient to identify

the information provided to such person, including, for example, the Bates range of any documents; and (c) the steps undertaken to obtain the return of such Confidential Information or Highly Confidential Information. A copy of the executed Exhibit A shall be served upon counsel for the Designating Party by the Receiving Party who disclosed the Designating Party's Confidential Information or Highly Confidential Information within three (3) calendar days of its execution. With regard to information that was not designated as Confidential Information or Highly Confidential Information at the time of disclosure, the conduct of any Receiving Party is governed by preceding Paragraph 4(C).

      E.    <u>Inspected Documents</u>. If documents are made available for inspection, as opposed to produced, all such documents shall be presumed to have been designated as "Highly Confidential." After such time as counsel for the party to whom such documents have been made available has inspected such documents and selected any such documents to be copied, said copied documents shall retain their "Highly Confidential" designation only if counsel for the Designating Party notifies counsel for the Receiving Party in writing within a reasonable time which, if any, of the copied documents are designated as Confidential Information or Highly Confidential Information.

      5.    **<u>Use Limitations.</u>** All Confidential Information or Highly Confidential Information that is produced in the course of discovery proceedings herein or otherwise provided to a Party or non-party bound by this Protective Order shall be used only for the purpose of preparing for and conducting this Action and not for any other litigation or any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except as expressly permitted by this Protective Order. Nothing in this Protective Order shall operate to restrict a Designating Party in the use or disclosure of its own Confidential

Information or Highly Confidential Information.  The Parties and non-parties bound by this Protective Order acknowledge and agree that the misuse of Confidential Information or Highly Confidential Information will result in material and irreparable harm to the Designating Party. All Parties and non-parties bound by this Protective Order shall maintain such Confidential Information and Highly Confidential Information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Confidential Information and Highly Confidential Information as is exercised by the Receiving Party with respect to its own proprietary information.  Confidential Information and Highly Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the purposes of this Action.  All copies and reproductions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated information on which they are based.

6.    **Persons to Whom Confidential Information or Highly Confidential Information May Be Disclosed.**

A.    Information designated as "Highly Confidential" shall be disclosed only to:

(i)    outside counsel for the Parties and their Support Staff whose functions require access to such information;

(ii)    Independent Experts and their Support Staff whose functions require access to such information, pursuant to the terms of Paragraph 7;

(iii)    the Court, authorized Court personnel, jury members or court reporters;

8

(iv)    any other person as to whom the Designating Party agrees in writing ("Additional Person"), provided that such Additional Person has executed a copy of the Acknowledgement and Agreement to Be Bound, attached hereto as Exhibit A;

(v)    deponents or trial witnesses, if such deponent or trial witness is either (a) employed by the Designating Party or (b) an author, source or recipient in the ordinary course of business of the Highly Confidential Information, irrespective of which Party or non-party produced such information;

(vii)    service contractors (such as eDiscovery vendors, document management personnel, database support groups, exhibit preparation services, trial consultants, etc.) retained by a Party or its outside counsel and whose functions in connection with this Action require access to such information.

B.    Information designated as "Confidential" shall be disclosed only to:

(i)    in-house and outside counsel for the Parties and their Support Staff whose functions require access to such information;

(ii)    Independent Experts and their Support Staff whose functions require access to such information, pursuant to the terms of Paragraph 7;

(iii)    the Court, authorized Court personnel, jury members or court reporters;

(iv)    any other person as to whom the Designating Party agrees in writing ("Additional Person"), provided that such Additional Person has executed a copy of the Acknowledgement and Agreement to Be Bound, attached hereto as Exhibit A;

(v)    deponents or trial witnesses, if such deponent or trial witness is either (a) employed by the Designating Party or (b) an author, source or recipient in the

9

ordinary course of business of the Confidential Information, irrespective of which Party or non-party produced such information;

(vi)    one party representative per party that is expressly identified by the party ("Expressly Identified Party Representative") and not employed by or involved in the management of Sunshine Press which operates a website known as WikiLeaks provided that such Expressly Identified Party Representative has executed a copy of the Acknowledgement and Agreement to Be Bound, attached hereto as Exhibit A and

(vii)    service contractors (such as eDiscovery vendors, document management personnel, database support groups, exhibit preparation services, trial consultants, etc.) retained by a Party or its outside counsel and whose functions in connection with this Action require access to such information.

For purposes of Section 6(B)(vi), DataCell expressly discloses that its party representative is its Chief Executive Officer, Andreas Fink, and confirms that Fink is not employed by or involved in the management of Sunshine Press, which operates a website known as WikiLeaks; DataCell further represents that it will use its best efforts to ensure that Fink will comply with this Protective Order.

7.    **Disclosure to Independent Experts.**  Any Party wishing to disclose Confidential Information or Highly Confidential Information to an Independent Expert must provide outside counsel for the Designating Party with an executed copy of the Acknowledgement and Agreement to Be Bound, attached hereto as Exhibit A when expert disclosures required by Rule 26(a)(2) are made.

8.    **Certain Information Not Within Scope of This Order.**  The restrictions of this Protective Order shall not apply to information which (i) was, is or becomes public knowledge,

10

without violation of this Protective Order; or (ii) was or is acquired from a non-party possessing such information and having no obligation of confidentiality to the Designating Party; or (iii) the Receiving Party can establish was or is in the Receiving Party's rightful and lawful possession at the time of disclosure, or was or is developed independently by the Receiving Party without the use of Confidential Information or Highly Confidential Information.

9.    **Filings and Procedures.**

*Documents shall not be presumptively filed under seal; all filings under seal shall comply with Local Rule 5.*

A.    A Party or non-party may apply for authorization to file its own Confidential Information or Highly Confidential Information under seal in accordance with the procedures set forth in Local Civil Rule 5.

B.    In the event a Receiving Party wishes to use any Confidential Information or Highly Confidential Information produced by another Party or non-party in any pleading or document filed with the Court, or as an exhibit at a hearing or at trial, then the Receiving Party may provide notice of its intention to do so at least three (3) business days in advance to permit the Designating Party to review the Confidential Information or Highly Confidential Information and determine whether to approve the removal of the confidentiality designation or otherwise approve the filing of the materials not under seal. If the Receiving Party does not provide such notice, or if the Designating Party objects to the filing of its Confidential Information or Highly Confidential Information not under seal, then the Receiving Party must file a sealing motion simultaneously with such pleading or document, requesting that such Confidential Information or Highly Confidential Material be filed under seal following the procedures set forth in Local Civil Rule 5.

C.     Any such document shall plainly state on the first page of any bound or stapled document "Requested to Be Filed Under Seal" along with an appropriate Confidentiality Legend. The Confidential Information or Highly Confidential Information or documents containing such information shall be presented to the Court only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

<u>CONFIDENTIAL—REQUESTED TO BE FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER AND LOCAL RULES</u>

This envelope contains documents that are subject to an Agreed Protective Order governing discovery materials entered by the Court in this action. It is requested that this envelope shall neither be opened nor the contents revealed except by Order of the Court.

10.     **Attendance at Hearings and Depositions.** Subject to applicable law, any deposition, hearing or other court proceeding which refers to or describes Confidential Information or Highly Confidential Information shall be administered in such a manner as to protect the confidentiality of the information. Outside counsel for the Party whose Confidential Information or Highly Confidential Information may be discussed or disclosed at a deposition, hearing or other court proceeding may require that all persons who are not entitled to have access to Confidential Information or Highly Confidential Information under this Protective Order leave the room during the portion of the deposition, hearing or other court proceeding in which such Confidential Information or Highly Confidential Information is discussed or disclosed.

11.     **Resolution of Disputes.** A Party shall not be obligated to challenge the propriety of a designation of information as Confidential Information or Highly Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. At any time, a Party may challenge the designation of particular information as Confidential Information

12

or Highly Confidential Information by notifying the Designating Party in writing.  The Parties

shall then confer within seven (7) calendar days to try to resolve the matter.  If the Parties are

unable to resolve the matter, the Designating Party shall be required to move the Court for an

order preserving the designated status of such information within fourteen (14) calendar days of

conferring with the challenging Party, and the failure to do so shall constitute a termination of

the designated status of such item.  The burden of proof shall be on the Designating Party to

show that the designation is appropriate under this Protective Order.  During the pendency of

such a motion, the information in question shall be treated as Highly Confidential Information

under the terms of this Protective Order.

        12.    **Conclusion of Litigation.**

        A.    <u>Materials Designated Confidential Information or Highly Confidential</u>

<u>Information</u>.  Within one hundred twenty (120) calendar days after the conclusion of this Action

(or upon its final dismissal or disposition) all documents, other than attorney work-product, that

have been designated as Confidential Information or Highly Confidential Information, and any

copies thereof, either shall be returned to the Designating Party from whom they were obtained,

or the Receiving Party shall state in writing that it has destroyed or deleted the same.

Notwithstanding the foregoing, outside counsel for the Parties shall be permitted to retain only

for archive purposes one (1) electronic and one (1) paper copy of (i) materials created during the

course of this Action, including attorney annotations and other work product and e-mails; (ii)

work product of Independent Experts; (iii) materials made part of the Court record or which have

been filed under seal with the Court; (iv) deposition and court transcripts, including exhibits; and

(v) summaries of depositions.  Such file copies must be maintained subject to the terms of this

Protective Order, and this Protective Order shall continue to be binding after the conclusion of

this Action, except that unless otherwise ordered by this Court, there shall be no requirement of

the destruction or return of documents or transcripts that are (i) used as exhibits at a hearing or

trial and not filed under seal, and (ii) not covered by any subsequent confidentiality order.

13.   **Inadvertent Disclosure of Privileged Information.**  If a Disclosing Party

believes that it has, for any reason, inadvertently disclosed documents, testimony, information

and/or things protected from disclosure under the attorney-client privilege, work-product

protection or any other legal privilege or immunity protecting such information from discovery,

or a Receiving Party discovers such disclosure, the disclosure, pursuant to Federal Rule of

Evidence 502(d), shall not be deemed a waiver—in this litigation or in any other proceeding,

including in Federal or State proceedings—of the applicable privilege or protection.

Upon such discovery, by either the Disclosing Party or the Receiving Party,

prompt written notice identifying such materials shall be provided to the non-discovering party.

The Receiving Party shall immediately return to the Disclosing Party, or destroy, all summaries,

portions or copies of such documents, testimony, information and/or things, shall provide a

written certification from counsel that all such disclosed materials (including copies or

summaries of such material) have been returned or completely destroyed.  Such return or

destruction and certification must occur within seven (7) calendar days of receipt of the written

notice.  Until such identified materials are returned or destroyed, the materials and the

information contained therein shall be treated as Highly Confidential Information.  Within

fourteen (14) calendar days of the notification that the disclosed materials have been returned or

destroyed, the Disclosing Party shall produce a privilege log with respect to the disclosed

materials.  The return of any material to the Disclosing Party shall not in any way preclude the

Receiving Party from moving the Court for a ruling that the disclosed information was never

14

privileged or protected, provided that the Receiving Party first fully complies with the requirements set forth above in this Paragraph 13, including return or destruction of the disclosed materials. Notwithstanding the foregoing, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged or protected documents have already been produced to the Receiving Party as a result of the inadvertent disclosure. All documents alleged by a Disclosing Party to be privileged or protected shall remain protected against disclosure and use during the pendency of any dispute over their status. Nothing in this Protective Order shall affect any Party's right to withhold from disclosure any documents or information that are privileged or otherwise protected from disclosure.

14. **Disclosure Beyond the Terms of This Protective Order.** Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents to such disclosure in writing or on the record or if the Court, after notice to all affected parties, orders such disclosure. Nothing herein shall prevent any party from disclosing its own Confidential Information or Highly Confidential Information in any manner that it considers appropriate.

15. **No Admissions.** Compliance with the terms of this Protective Order shall not constitute an admission or acknowledgement by the Receiving Party that any information designated pursuant to this Protective Order is in fact proprietary, confidential or a trade secret.

16. **Modification.** This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further order of the Court. A Party may seek, by agreement or by order of the Court, additional protection for information it deems sensitive. Unless otherwise noted, this Protective Order shall not supersede any

agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

17. **Order Survives Termination.** This Protective Order shall survive the termination of this Action. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by outside counsel of record for each Designating Party or by an Order of the Court for good cause shown. The Court retains jurisdiction even after the termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to the Protective Order as the Court may from time to time deem appropriate.

18. **Advice of Counsel.** Nothing in this Protective Order shall bar or otherwise restrict any attorney authorized to view Confidential Information or Highly Confidential Information under the terms of this Protective Order from rendering advice to any Party-client, and in the course thereof, relying upon such attorney examination of Confidential Information or Highly Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such Party-client, the attorney shall not disclose any Confidential Information or Highly Confidential Information to unauthorized persons.

19. **No Waiver of Any Right to Object.** Nothing in this Protective Order shall be construed to effect an abrogation, waiver or limitation of any kind on the right of the Parties or third parties to oppose discovery on grounds other than that the information sought constitutes or contains Confidential Information or Highly Confidential Information. Nothing in this Protective Order shall be construed to require the disclosure of information that is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

16

20.    **Requests That Encompass Third Party Confidential Information or Highly Confidential Information.**  In the event that any discovery request calls for the production of information that a Party reasonably believes would violate a preexisting confidentiality agreement with any third party, the Party that has been requested to produce the information shall give written notice to the third party that such information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order.  The third party shall have thirty (30) calendar days from receipt of the written notice to seek relief from this Court, if the third party so desires.  The third party shall have standing to seek a protective order with regard to information that is sought by the discovery request and is subject to the preexisting confidentiality agreement.  If the thirty (30) calendar days elapse without the third party seeking relief from the Court, the requested information shall be designated as "Highly Confidential" and produced in accordance with the terms of this Protective Order.

21.    **Notices.**  All notices required by this Protective Order must be provided by email and to outside counsel of record for each party.  The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the email was sent.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

22.    **Violations of Protective Order.**  The Parties and any other person subject to the terms of this Protective Order agree that violation of this Protective Order can result in irreparable harm that cannot be remedied by monetary damages, and that, in the event that any person or Party should violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply for injunctive relief against any such person or Party violating or threatening to violate any of the terms of this Protective Order.  The Parties and any other person

17

subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

\*             \*             \*

Based on the foregoing stipulation, and good cause appearing therefor, the Court approves the Parties' Protective Order governing the protection and exchange of documents and confidential material.

SO ORDERED.

DATED:  this _____ day of _____, 2015.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

AGREED TO AND ENTRY REQUESTED:

___/s/ Stephen E. Noona_____          Date:   06/10/2015_____
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com

19

Martin S. Hyman (*pro hac vice*)
GOLENBOCK EISEMAN ASSOR BELL & PESKOE, LLP
437 Madison Avenue
New York, NY 10022
T (212) 907-7360
F (212) 754-0777

*Counsel for MasterCard Incorporated*


  /s/ Philip J. Harvey             Date:  06/10/2015
Philip J. Harvey
Virginia State Bar No. 37941
Jesse R. Binnall
Virginia State Bar No. 79292
Louise T. Gitcheva
Virginia State Bar No. 86200
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA  22314
Telephone:  703-888-1943
Facsimile:  703-888-1930
pharvey@harveybinnall.com
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com

*Counsel for DataCell ehf.*

  /s/ Jacob S. Siler              Date:  06/10/2015
Jacob S. Siler (Va. Bar No. 80934)
Andrew S. Tulumello (*pro hac vice*)
Robert Gonzalez (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
tel: 202-955-8500
fax: 202-467-0539
JSiler@gibsondunn.com
ATulumello@gibsondunn.com
RGonzalez2@gibsondunn.com

*Counsel for Defendant Visa Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| DATACELL EHF., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:14-cv-1658 (GBL-TCB) |
| | ) | |
| VISA INC., VISA EUROPE LTD., and | ) | |
| MASTERCARD INCORPORATED, | ) | |
| | ) | |
| Defendants | ) | |

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT
### TO BE BOUND BY PROTECTIVE ORDER

I have read the attached Confidentiality Stipulation and Protective Order

("Protective Order"), dated _____, 2015, understand its contents, and hereby

agree to comply therewith and to be bound thereby, and consent to the jurisdiction of the United

States District Court for the Eastern District of Virginia, for the purposes of enforcement of the

Protective Order.

Among other obligations stated therein:

1.      I agree to use Confidential Information and Highly Confidential

Information only for the purpose of preparing for and conducting this Action and not for any

other litigation or any business or other purpose whatsoever;

2.      I agree not to make copies of any such Confidential Information or Highly

Confidential Information except in accordance with the Protective Order, and not to

communicate such information to any person or entity not qualified to receive such information

under the terms of the Protective Order;

3.      I agree that any disclosure or transmission of any kind of any confidential or highly confidential information, documents, or materials of any nature under the Protective Order, directly or indirectly, to third parties, including, expressly and without limitation, Sunshine Press and their WikiLeaks website, is strictly prohibited by the Protective Order .

4.      If I am DataCell's Expressly Identified Party Representative under the Protective Order, I further acknowledge and agree that any disclosure or transmission of any kind of any confidential or highly confidential information, documents, or materials of any nature under the Protective Order, directly or indirectly, to Sunshine Press or the WikiLeaks website, is strictly prohibited by the Protective Order and further acknowledge and agree that should any confidential or highly confidential information to which I am made privy under this Protective Order be publically disclosed or used by Sunshine Press or the WikiLeaks website or any affiliated entity in violation of the Protective Order, the Court will impose a rebuttable presumption against me personally that I am in violation of the Protective Order.

5.      I agree that I will promptly return to the Designating Party all Confidential Information or Highly Confidential Information and all copies of same at the conclusion of the Action; and

4.      I acknowledge that failure on my part to comply with the provisions of the Protective Order may be punishable by contempt of court and other sanctions against me personally well as against any entity with which I am associated and may render me personally liable to any party, person or entity damaged thereby.

Name: _____

Signature: _____

## **ACKNOWLEDGEMENT**

STATE OF _____ )
                     )      ss.:
COUNTY OF _____ )

On this _____ day of _____, 201__, personally appeared before me the undersigned, _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

13954860v2